IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:23-CV-00355-JCB |
| v. | § § § | |
| UNITED STATES COURT, | § § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jay Williams is an inmate currently incarcerated in the Henderson County Jail. On July 20, 2023, proceeding pro se, he filed the instant action complaining of violations pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He has not paid the filing fee or submitted a motion to proceed *in forma pauperis* ("IFP").

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)). In other words, during the initial screening under section 1915A, a court may determine that a prisoner's complaint is frivolous if it rests upon delusional scenarios or baseless facts—and dismiss the complaint. *See Henry v. Kerr County, Texas*, 2016 WL 2344231 *3 (W.D. Tex. May 2, 2016) ("A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.") (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

In the present case, Plaintiff sues the United States Courts and lists a number of conclusory allegations, most of which are incomprehensible. (Doc. No. 1.) The allegations begin by stating that the court has failed to provide a copy of the Federal Rules and failed to provide copies of the complaint and evolve into general accusations of, *inter alia*, "failing to uphold and defend the United States Constitution," failing to "uphold and enforce federal laws," failing to "uphold their oath to justice," finally morphing into conclusory allegations of "treason," "embezzlement," and "fraud." (Doc. No. 1.) These conclusory allegations are frivolous and fail to state a claim. Plaintiff is no stranger to filing in federal court. Since May 1, 2023, he has filed thirty-three cases in this district alone for which he has neither paid a filing fee nor submitted an application to proceed *in forma pauperis*. *See* Case Nos. 6:23-cv-211, 6:23-cv-212, 6:23-cv-213, 6:23-cv-214, 6:23-cv-215, 6:23-cv-216, 6:23-cv-217, 6:23-cv-218, 6:23-cv-219, 6:23-cv-220, 6:23-cv-221, 6:23-cv-222, 6:23-cv-223, 6:23-cv-224, 6:23-cv-225, 6:23-cv-226, 6:23-cv-227, 6:23-cv-228, 6:23-cv-229, 6:23-cv-230, 6:23-cv-236, 6:23-cv-256, 6:23-cv-257, 6:23-cv-258, 6:23-cv-260, 6:23-cv-263, 6:23-cv-287, 6:23-cv-298, 6:23-cv-300, 6:23-cv-301, 6:23-cv-353, 6:23-cv-354, and 6:23-cv-355. Plaintiff has been repeatedly warned of the frivolous nature of his allegations, and has, as a result,

accumulated three strikes pursuant to 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

Undeterred, Plaintiff continues to file frivolous cases in this district without paying the filing fee or moving to proceed *in forma pauperis*, the latter of which would now require a showing that he was under imminent danger of physical injury. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The Fifth Circuit has held that "no one, rich or poor, is entitled to abuse the judicial process." *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Fifth Circuit has further indicated that under some circumstances, an individual may be barred from filing lawsuits within the district court without prior court approval. *See Matter of United Markets Int'l, Inc.*, 24 F.3d 650 (5th Cir.1994), cert. denied, 513 U.S. 946 (1994); *Vinson v. Heckmann*, 940 F.2d 114 (5th Cir. 1991); *Farguson*, 808 F.2d 358; *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 1986).

The court finds this present situation analogous to *Vinson*. *Vinson* involved an inmate in the Texas Department of Criminal Justice who filed numerous frivolous complaints and appeals for which he had been warned and sanctioned by the court. *Vinson*, 940 F.2d at 116. Moreover, Vinson's complaints and appeals included motions to disqualify judges for alleged personal biases against him. *Id.* As a result, the Fifth Circuit directed all clerks within its supervisory jurisdiction to decline to accept any filing from Vinson unless the filing was first authorized by a judge of the forum. *Id.* at 116–17.

At this point, Plaintiff has received ten dismissals pursuant to 1915A(b)(1), with explicit warnings regarding the filing of frivolous cases. Several other recommended dismissals on the same basis are presently pending, including this case. Moreover, Plaintiff's filings have now evolved to include direct attacks on the federal judiciary and its judges. At this point, Plaintiff has sued every judge in the Tyler Division as well as the United States Courts. *See, e.g.*, 6:23-cv-298, 6:23-cv-354, 6:23-cv-355. The consuming of scarce judicial time and resources on inexplicable and blatantly false accusations and language—directed towards members of the judiciary—is a plain example of abuse of the judicial process. This conduct is sanctionable, and the court finds that the appropriate time to impose sanctions has arrived.

## CONCLUSION

Having conducted screening pursuant to § 1915A, the court finds that the above-captioned action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Although a court should allow a pro se plaintiff every reasonable opportunity to amend his pleadings, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), Section 1915A does not require that a plaintiff be given notice of an impending dismissal. Moreover, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); *see also Cockerham v. Jackson*, No. CV SA-17-CA-463-DAE, 2017 WL 8794288, at *2 (W.D. Tex. June 13, 2017) (finding that a show cause order advising the plaintiff of the deficiency of his allegations and giving the plaintiff an opportunity to amend would be pointless given the frivolous nature of the allegations).

Given that Plaintiff has asserted a variety of the same threadbare legal conclusions in thirty-three different cases filed before this court, the court has serious doubts as to Plaintiff's desire or

ability to assert a plausible claim in any of these actions. Plaintiff's repeated filing of frivolous actions is an abuse of the judicial process. For the reasons discussed herein, the court **RECOMMENDS** that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as set forth herein.

The court **FURTHER RECOMMENDS** that no new lawsuits be accepted from Plaintiff Jay Williams unless such lawsuit is filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case. *See, e.g., Flores v. United States Dep't of Just.,* No. 5:21CV11, 2021 WL 8055537, at *2 (E.D. Tex. Feb. 4, 2021)*, report and recommendation adopted,* No. 521CV00011RWSKPJ, 2022 WL 1105671 (E.D. Tex. Apr. 13, 2022); *Hicks v. Skeen*, Case No.. 6:18-cv-400 (E.D. Tex. Jan. 14, 2020) (requiring further filings to come from a licensed attorney); *In re: Ola Mae Allen*, Case No. 6:82-cv-49 (E.D. Tex. Feb. 9, 1993) (requiring further filings to come from a licensed attorney).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 1st day of August, 2023.

6

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE